# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2061

_____

United States of America,　　　　　　 *
　　　　　　　　　　　　　　　　　　 *
　　　　　　　Appellee,　　　　　　 *
　　　　　　　　　　　　　　　　　　 *　　Appeal from the United States
　　　v.　　　　　　　　　　　　　 *　　District Court for the Eastern
　　　　　　　　　　　　　　　　　　 *　　District of Missouri
Triston Mack,　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　 *　　　[UNPUBLISHED]
　　　　　　　Appellant,　　　　　 *

_____

Submitted:　September 6, 2002

Filed:　September 12, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Triston Mack appeals from an order entered in the District Court[1] for the Eastern District of Missouri denying his motion to modify his sentence under 18 U.S.C. § 3582(c)(2). Mack had pleaded guilty to carjacking, in violation of 18 U.S.C. § 2119, and to using or carrying a firearm during the commission of the crime, in violation of 18 U.S.C. § 924(c)(1), for which he had been sentenced to a total of 295 months imprisonment and 3 years supervised release. For reversal appellant argues

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

that the district court erred in refusing to reduce his sentence under section 3582(c)(2) based on Guidelines amendments 9, 599, and 600. For the reasons discussed below, we affirm the judgment of the district court.

The district court properly determined that Amendments 9 and 600 do not help Mack because they are not included in the list of Guidelines amendments for which section 3582(c)(2) relief may be granted. See U.S.S.G. § 1B1.10(c), p.s.

The district court also properly determined that Amendment 599 is inapplicable. That amendment provides that if a sentence for a section 924(c) offense is imposed in conjunction with a sentence for the underlying offense (in this case, the carjacking), the court may "not apply any specific offense characteristic for possession, brandishing, use, or discharge of a[ ] . . . firearm when determining the sentence for the underlying offense." See U.S.S.G. App. C, amend. 599. The record shows that no such specific offense characteristic was assessed against Mack. Although he points to an upward departure he received at sentencing, that increase was simply the result of a plea-agreement stipulation by the parties, not a sentencing enhancement in calculating the offense level for Mack's carjacking offense.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.